**SO ORDERED.**

**SIGNED this 22nd day of February, 2017.**



_____
Robert E. Nugent
United States Bankruptcy Judge

_____

DESIGNATED FOR ONLINE PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: | |
| CODY DEAN HOAG | Case No. 16-10646 |
| | Chapter 7 |
|            Debtor. | |
| SAMUEL K. CROCKER, United States Trustee, | |
|            Plaintiff, | |
| vs. | Adv. No. 16-5145 |
| CASEY PUCKETT, dba Uncontested Documents, | |
|            Defendant. | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS
<u>FOR FAILURE TO STATE A CLAIM</u>**

Bankruptcy petition preparers (BPPs) are individuals or entities who prepare bankruptcy petitions and other documents in bankruptcy cases for compensation, but are neither attorneys nor associated with or supervised by one. Section 110 of the Bankruptcy Code strictly regulates the extent of the services these BPPs can render and expressly prohibits their offering legal advice to debtors in connection with preparing and filing a bankruptcy case. The United States Trustee is among those parties who may enforce the restrictions imposed on BPPs, including pursuing various forms of relief against BPPs who violate § 110's restraints.[1]

In order to state a claim under Fed. R. Civ. P. 12(b)(6), the facts in a complaint against a BPP for violating § 110 must support a plausible claim on its face.[2] In this case, the UST pleaded that, in the course of preparing debtor Cody Hoag's bankruptcy petition, BPP Puckett gave Hoag a variety of legal advice and failed to secure Hoag's signature on Official Form 119, a document in which the debtor states under oath whether he or she has received any such prohibited advice. The UST alleges that Puckett's violations warrant the imposition of fines and forfeiture of fees as the statute provides and that Puckett's ongoing pattern of conduct provides a basis for him to be enjoined from further preparation activity. The first four counts of the

---

[1] 11 U.S.C. § 110.
[2] Rule 12(b)(6) is made applicable to bankruptcy adversary proceedings by Fed. R. Bankr. P. 7012(b).

**2**

UST's complaint are sufficient to state a claim against Puckett, but the fifth count is not. Puckett's motion to dismiss is denied except as set forth below.[3]

Facts

According to the UST's complaint, Cody Hoag filed his bankruptcy case on April 14, 2016. Part 1 of Official Form 119 filed with Hoag's petition, was not signed by him, though Part 2 is signed by Puckett.[4] Part 1 of Official Form 119 contains a notice to debtor that a BPP may not give the debtor legal advice and describes some types of legal advice that may not be given in preparing bankruptcy case documents. According to the complaint, before Hoag filed, he paid for Puckett's services and twice met with Puckett who advised him on a variety of legal topics, including under what chapter he should file, what property to exempt, whether to reaffirm a debt, and whether to apply to pay his filing fee in installments.

At his first meeting of creditors on May 16, 2016 Hoag testified to these facts and in addition, prior to his § 341 testimony, completed a form titled Declaration for Self-Represented Debtors provided to Hoag by the UST in which he represented substantially the same things. At the continued meeting of creditors, Hoag testified that Puckett helped him pick what exemptions to claim and advised him not to exempt his car because the amount owed on the car was more than the car was worth.

---

[3] Adv. Doc. 14. Mr. Puckett appears *pro se*. The United States Trustee, Samuel K. Crocker, appears by attorney Richard A. Wieland from the United States Trustee's office.
[4] *See In re Hoag*, No. 16-10646, Doc. 1, p. 53, Pt. 1, Official Form 119 – Bankruptcy Petition Preparer's Notice, Declaration, and Signature. By signing Part 1, the debtor acknowledges receipt of the Notice.

3

Puckett told Hoag that a reaffirmation agreement on the car "would happen." Puckett also told Hoag that chapter 7 was Hoag's best choice. Hoag disclosed that Puckett charged him $355.99 for his services and that he paid Puckett's fee in cash. Hoag sought and received permission to pay his filing fees in installments as 28 U.S.C. § 1930 allows.

As a result of Hoag's testimony and written Declaration describing Puckett's activities, the UST commenced this proceeding under § 110 on September 12, 2016.[5] It seeks a $500 fine against Puckett for failing to procure Hoag's signature on Part 1 of Official Form 119 in violation of § 110(b)(2), a $500 fine for offering legal advice in violation of § 110(e)(2), forfeiture of Puckett's fees in the amount of $355.99 for violating § 110(b) and (e), a $2,000 penalty for fraudulent, unfair, or deceptive conduct, and the issuance of an injunction against Puckett enjoining him from acting as a BPP. Puckett moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6).[6]

Analysis

***Rule 12(b)(6) Standards***

In determining whether UST's amended complaint for violating § 110 states a claim upon which relief may be granted, the question is whether the amended complaint contains facts that, if taken as true, are sufficient to support claims that

---

[5] Prior to Puckett's responsive pleading, the UST filed an amended complaint, Adv. Doc. 5, in which it appears ¶ 5 was amended to change the address for Uncontested Documents, but in all other respects appears to be the same as the original complaint. The Court will consider Puckett's motion to dismiss as directed at the amended complaint, since an amended complaint supersedes the initial complaint.
[6] Adv. Doc. 14.

**4**

Puckett violated the statute, not whether the UST will ultimately prevail on those claims at trial.[7] The UST must have alleged enough facts to support a claim that is plausible on its face.[8] "Plausibility" is something less than probability but more than a sheer possibility that UST is entitled to the relief requested.[9] For purposes of this motion, I am required to take the facts *pled* in the amended complaint as true.[10]

Attached to Puckett's motion to dismiss are several lengthy documents that are neither referenced in the UST's amended complaint nor constitute judicial records (such as pleadings docketed in debtor Hoag's bankruptcy case) of which the Court may take judicial notice.[11] To counter Hoag's version of their dealings, Puckett also attaches testimonial affidavits from six other "satisfied customers" who have used his BPP services.[12] Now is not the time to launch an evidentiary counter-attack on the UST's § 110 claim. Neither the affidavits nor the other materials from outside the pleadings shed light on whether the UST has *pleaded* a plausible claim against

---

[7] *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (In ruling on a motion to dismiss the judge must accept all allegations as true and may not dismiss on the basis that it appears unlikely the allegations can be proven.).
[8] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (enough facts must be alleged to nudge the claim across the line from conceivable to plausible).
[9] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).
[10] *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007) (In reviewing the sufficiency of the complaint, the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff.).
[11] *See Berneike v. CitiMortgage, Inc.,* 708 F.3d 1141, 1146 (10th Cir. 2013); *Navajo Nation v. Urban Outfitters, Inc.,* 935 F. Supp. 2d 1147, 1156-57 (D.N.M. 2013) (court may consider authenticated exhibits attached to plaintiff's complaint or materials that are subject to proper judicial notice, without converting the motion to dismiss to one for summary judgment.).
[12] *See* Doc. 14-1, pp. 14-24; Doc. 14-2; Doc. 14-3, Doc. 14-4, pp. 1-7 (referenced as Exhibits F through K in his motion).

Puckett under § 110. It's "[w]hat is in the complaint [that] matters."[13] Because of that, there is no need to consider the materials presented by Puckett other than the amended complaint and, therefore, no call to convert this motion to dismiss to one for summary judgment.[14]

Puckett's motion doesn't really address whether the UST's amended complaint has stated a plausible claim under § 110. Instead, he mounts a substantive defense of his conduct as a BPP by attacking the "gross falsehoods" he says Hoag and the UST are promulgating in an effort to keep Puckett from exercising his constitutional right to engage in commerce by providing document preparation and typing services, services he claims are protected by the anti-trust laws. Whether enforcing this statute violates the Constitution or whether the UST's amended complaint is truthful is not at issue here. The question is whether its allegations are sufficient to support the relief it seeks.

### *The UST's § 110 Claims*

Section 110 strictly regulates what a non-lawyer petition preparer can and can't do. Specifically, § 110(a)(1) defines a BPP as someone who "prepares for compensation a document for filing" and § 101(a)(2) defines a "document for filing" as "a petition or any other document prepared for filing by a debtor" in either this Court

---

[13] *Ally Financial Inc. v. Matthew (In re Matthew),* 2016 WL 3947882, at *2 (Bankr. D. Kan. July 13, 2016).
[14] Under Fed. R. Civ. P. 12(d), a court has broad discretion whether or not to consider extra-pleading materials and resolve the motion solely on the basis of the pleading itself. *See Lowe v. Town of Fairland,* 143 F.3d 1378, 1381 (10th Cir.1998).

**6**

or the District Court in connection with a bankruptcy case.[15] The UST claims that Puckett has violated §§ 110 (b)(2) and (e)(2).

Section 110(b)(2) requires BPPs to identify themselves on each document they prepare and, among other things, provide the debtor with a notice consistent with Official Form 119 informing the debtor that they aren't lawyers and cannot give legal advice to debtors.[16] The "no advice" notice must be filed with the other documents in the bankruptcy case and signed by the debtor *before* the BPP prepares any document for filing or accepts any fees from the debtor.[17] In Count 1, the UST alleges that Hoag did not sign the Official Form 119 that was filed in this case. That is a violation of § 110(b)(2)(B)(iii)(I). The UST seeks a $500 fine against Puckett for this violation as provided in § 110(l)(1). Count 1 of the amended complaint states a plausible claim for relief.

Subsection (e) contains a list of acts a BPP is prohibited from committing in the course of assisting a debtor. They include providing legal advice:

> (2) (A) A bankruptcy petition preparer may not offer a potential bankruptcy debtor *any legal advice, including any legal advice* described in subparagraph (B).
>
> (B) The legal advice referred to in subparagraph (A) *includes* advising the debtor –
> (i) whether--

---

[15] 11 U.S.C. § 110(a).
[16] *See* 11 U.S.C. § 110(b)(2) and (e)(2). The written notice requirement added in § 110(b)(2) by the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA) is intended to provide debtors with notice of the limitations on BPPs, including the prohibition on offering legal advice and in § 110(e)(2)(B) codifying to a degree "legal advice" for the purposes of bankruptcy law. *See In re Hennerman,* 351 B.R. 143, 149-50 (Bankr. D. Colo. 2006).
[17] Section 110(b)(2)(B)(iii).

7

    (I) to file a petition under this title; or
    (II) commencing a case under chapter 7, 11, 12, or 13 is appropriate;
  (ii) whether the debtor's debts will be discharged in a case under this title;
  (iii) whether the debtor will be able to retain the debtor's home, car, or other property after commencing a case under this title;
  (iv) concerning--
    (I) the tax consequences of a case brought under this title; or
    (II) the dischargeability of tax claims;
  (v) whether the debtor may or should promise to repay debts to a creditor or enter into a reaffirmation agreement with a creditor to reaffirm a debt;
  (vi) concerning how to characterize the nature of the debtor's interests in property or the debtor's debts; or
  (vii) concerning bankruptcy procedures and rights.[18]

The expansive language of subsection (e)(2)(B)(vii) is an "extraordinarily broad" prohibition on giving legal advice of any sort concerning bankruptcy procedures and rights, including "advising debtors about forms, timelines, what may or may not occur in the case, . . . or virtually any other substantive or procedural issue in a consumer bankruptcy."[19] Anything more than copying or typing information written by a prospective debtor on official bankruptcy forms exceeds a BPP's authority.[20]

  In Count 2, the UST alleges that Puckett gave Hoag prohibited legal advice and thereby committed four violations of § 110(e)(2)(A): subsection (e)(2)(B)(i)(II)

---

[18] 11 U.S.C. § 110(e)(2)(A) and (B) [Emphasis added]. As the emphasized language indicates, the scope of prohibited legal advice in subsection (e)(2) is neither exhaustive nor exclusive. *See In re Monson,* 522 B.R. 340, 349 (Bankr. D. Utah 2014) (subsection (e)(2)'s list of what constitutes impermissible legal advice is illustrative, and not exhaustive).
[19] *In re Hennerman,* 351 B.R. 143, 151-52 (Bankr. D. Colo. 2006).
[20] *In re Herrera*, 483 B.R. 222, 229 (Bankr. D. Colo. 2012), quoting *In re Gomez,* 259 B.R. 379, 386-87 (Bankr. D. Colo. 2001).

8

(recommending chapter 7 as Hoag's "best choice");[21] subsection (e)(2)(B)(iii) and (vii) (advising Hoag regarding exemptions, including not to exempt his car); subsection (e)(2)(B)(v) and (vii) (advising Hoag concerning reaffirmations, including that a reaffirmation on his car "would happen"); and subsection (e)(2)(B)(vii) (advising regarding paying filing fees in instalments).[22] All of these acts qualify as legal advice and, if proven, subject Puckett to a $500 fine for each violation under § 110(l)(1). Count 2 of the UST's amended complaint states a plausible claim for relief.

In Count 3, the UST alleges that Puckett's violations of § 110(b)(2) and (e)(2), described in Count 1 and 2, warrant the forfeiture of the $355.99 in fees Hoag paid to Puckett. Section 110(h)(3)(B) authorizes the court to order forfeiture of all fees charged where the BPP fails to comply with § 110, including subsections (b) and (e). Count 3 states a plausible claim for relief.

Section 110(i)(1) provides that if a BPP violates § 110 *or* commits any act found to be "fraudulent, unfair, or deceptive," the BPP is liable for additional civil penalties along with the debtor's actual damages.[23] The UST is expressly authorized to pursue this relief on behalf of the debtor.[24] Here, the UST seeks only the $2,000 penalty

---

[21] *In re Monson,* 522 B.R. 340, 350 (counseling debtors to file under chapter 7 constitutes legal advice and is a violation of § 110(e)(2)).
[22] *In re Monson,* 522 B.R. 340, 351 (counseling debtors on the ability to pay the filing fee in installments or obtain a waiver of the filing fee constitutes legal advice under § 110(e)(2)(B)(vii)).
[23] 11 U.S.C. § 110(i)(1).
[24] Section 110(i)(1) authorizes the debtor, trustee, or United States trustee to pursue this relief payable to the debtor.

9

against Puckett.[25] The alleged violations of § 110(b)(2) and (e)(2) in Counts 1 and 2 independently support imposition of a civil penalty under subsection (i)(1) that is sought in Count 4. But the UST asserts that Puckett acted in a "fraudulent, unfair, or deceptive" manner and is liable for the $2,000 penalty, the greater of twice what the debtor paid Puckett for his services.[26] Other than alleging Puckett's violation of subsections (b)(2) and (e)(2), the UST does not specify any other facts or commission of fraudulent, unfair or deceptive acts by Puckett. But a BPP who provides legal advice engages in conduct that is particularly unfair and deceptive, because the BPP "embellish[es] the illusion that prospective debtors receive the essential legal assistance necessary to obtain bankruptcy relief."[27] In short, the giving of legal advice furnishes the factual predicate for the $2,000 penalty under both grounds for a § 110(i)(1) claim.[28] Count 4 states a plausible claim for relief.

---

[25] Adv. Doc. 5, ¶s 52-55. The penalty is mandatory if the BPP is found to have violated § 110 or committed any fraudulent, unfair, or deceptive act. *In re Rojero,* 399 B.R. 913, 921 (Bankr. D. N.M. 2008).

[26] 11 U.S.C. § 110(i)(1).

[27] *In re Briones-Coroy,* 481 B.R. 685, 738 (Bankr. D. Colo. 2012), citing *In re Gomez,* 259 B.R. 379, 388 (Bankr. D. Colo. 2001) (A BPP offering legal expertise, analysis or advice is patently unfair and deceptive to debtors). *See also In re Monson*, 522 B.R. 340, 354-55 (Bankr. D. Utah 2014) (noting that no "multitude of disclaimers or legion of notices" can shield a BPP from liability if that person is in fact providing legal advice and describing such actions as "the equivalent of the deceitful schoolyard trick of crossing one's fingers behind one's back while professing to tell the truth"); *In re Rojero,* 399 B.R. 913, 920-21 (by giving legal advice to debtors, BPP committed a fraudulent, unfair, or deceptive act that warranted $2,000 sanction payable to debtors).

[28] To the extent the UST relies in Count 4 on the commission of some other fraudulent, unfair or deceptive act apart from giving legal advice, the amended complaint fails to give notice of that misconduct to Puckett and does not state a claim. *See* Fed. R. Civ. P. 8 and 9(b).

**10**

Finally, § 110(j)(1) authorizes the UST to seek injunctive relief against BPPs who violate § 110 in certain situations.[29] In Count 5 the UST seeks nationally effective injunctive relief for Puckett's violation of § 110. It requests that Puckett be enjoined from acting as a BPP "in all federal jurisdictions" in order to prevent the recurrence of his offending conduct. Obtaining an injunction against Puckett to bar him from all BPP activity (as opposed to enjoining him from engaging in conduct that violates § 110)[30] is allowed under § 110(j)(2)(B) only as follows:

> If the court finds that a bankruptcy petition preparer has *continually engaged in conduct* described in subclause (I), (II), or (III) of clause (i) [in subparagraph (A)] *and* that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, has not paid a penalty imposed under this section, *or* failed to disgorge all fees ordered by the court[,] the court may enjoin the person from acting as a bankruptcy petition preparer.[31]

As applicable here, the conduct described in subclause (I) includes "violation of [§110]" and subclause (III) reaches "any other fraudulent, unfair, or deceptive conduct."

The UST's claim amounts to a request for a national permanent injunction. The injunction provision is an important tool for enforcing § 110's regulation of BPPs. It authorizes the UST to invoke the Court's powers to preserve the integrity of the bankruptcy system by protecting unwary debtors from habitually unlawful practices

---

[29] 11 U.S.C. § 110(j)(1).
[30] Injunctive relief directed at enjoining the BPP from engaging in certain proscribed conduct is addressed by § 110(j)(2)(A). The UST does not invoke that subsection here.
[31] 11 U.S.C. § 110(j)(2)(B) [Emphasis added].

**11**

of non-attorneys who prepare bankruptcy petitions. But in this case, the UST's amended complaint does not allege that Puckett "has continually engaged" in violating § 110. That takes more than alleging several violations within a single case. It means repeated or recurring violations of § 110 over time in acting as a BPP (for other bankruptcy debtors).[32] Neither does the UST allege that simply enjoining Puckett's offending conduct under § 110(j)(2)(A) would be an insufficient deterrent to future violations; nor does he claim that Puckett has failed to pay a penalty imposed under § 110 or disgorge fees ordered by the court. Facts suggesting that one of these conditions has been met must be adequately pled to state a claim for permanent injunctive relief under § 110(j)(2)(B).

As currently pled, Count 5 fails to state a claim under § 110(j)(2)(B).[33] Rather than dismiss Count 5 now, the UST shall have 14 days in which to file a motion for leave to file a second amended complaint under Fed. R. Civ. P. 15(a)(2) and in compliance with D. Kan. Rule 15.1, to amend its permanent injunction claim to include a factual basis for it.[34] An amendment consisting of conclusory allegations

---

[32] *See In re Briones-Coroy,* 481 B.R. 685, 741-42 (Bankr. D. Colo. 2012) (BPP's recurring pattern of misconduct (providing legal advice in 241 cases) after imposition of fines, sanctions, and injunctive orders, in continuing to provide legal advice to debtors warranted issuance of injunction enjoining defendant from further acting as a petition preparer).

[33] The Court notes that, since filing its complaint in Hoag's case, the UST has raised § 110 concerns about Puckett's conduct in several other cases pending in this Division.

[34] The UST shall serve its motion and proposed second amended complaint on Mr. Puckett and notice the motion with an objection deadline and hearing on the Court's regular monthly chapter 7 motion docket.

**12**

that merely parrot the statutory language of § 110(j)(2)(B) will not suffice.[35] Otherwise, the national permanent injunction claim will be dismissed.

Except as noted regarding Count 5, Puckett's motion to dismiss for failure to state a claim is DENIED.

# # #

---

[35] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).